UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONE L., an Individual,[1] | Case No. 2:24-04126 ADS |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| FRANK BISIGNANO, Commissioner of Social Security,[2] | |
| Defendant. | |

I.   **INTRODUCTION**

Plaintiff Lamone L. challenges the denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act by Defendant Frank

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Frank Bisignano became Commissioner of Social Security on May 6, 2025. Under Federal Rule of Civil Procedure 25(d), Frank Bisignano is automatically substituted for Martin J. O'Malley as Defendant in this suit.

Bisignano, Commissioner of Social Security (hereinafter "Commissioner" or "Defendant"). Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly consider the mental assessment of treating psychiatrist Allen Chen, M.D. (Dkt. No. 15.) For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II.     PROCEEDINGS BELOW

Plaintiff filed a claim for DIB due to migraines, arthritis, social anxiety, panic disorder, depression, memory loss, bipolar disorder, hypertension, shortness of breath, insomnia, paranoia, and the removal of his appendix and a kidney stone. (See Dkt. No. 10, Administrative Record ("AR") 203-15.)[3] Plaintiff filed his application for DIB on August 11, 2021, alleging a disability onset date of July 27, 2017. (AR 203, 208.) Plaintiff's application was denied initially on December 3, 2021, and upon reconsideration on March 11, 2022. (AR 78-96.) Plaintiff filed a written request for hearing on May 11, 2022. (AR 140-41.) A hearing was conducted by telephone before ALJ David Lacy on August 3, 2023.[4] (AR 41-73.) Plaintiff, represented by counsel, testified at the hearing. (AR 41-67.) Vocational expert Elizabeth Brown-Ramos also testified. (AR 67-71.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff was not disabled within the meaning of the Social Security Act. (AR 17-32.) On March 18, 2024, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. (AR 1-3.)

---

[3] Citations to the Administrative Record are to the AR number. Pinpoint citations to other docketed documents are to the page numbers in the CM/ECF-generated headers.
[4] Given the Plaintiff and ALJ share a last name, the ALJ confirmed on the record that he and Plaintiff were aware of no relations between them. (AR 43.)

Plaintiff filed this action on May 17, 2024, challenging the ALJ's decision. (Dkt. No. 1.) On July 16, 2024, Defendant filed an Answer and a copy of the Certified Administrative Record. (Dkt. No. 10.) Plaintiff filed an opening brief. (Dkt. No. 15.) Defendant filed an opposition brief. (Dkt. No. 19.) Plaintiff filed a notice of submission in lieu of reply. (Dkt. No. 20.) This case is ready for decision.[5]

### III. SUMMARY OF ALJ DECISION AFTER HEARING

On August 24, 2023, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. (AR 17-32.) The ALJ determined the period for Plaintiff's claim is the alleged onset date, August 21, 2019 through the date last insured, December 31, 2022.[6] (AR 17.) The ALJ found Plaintiff met the insured status requirements of the Social Security Act on December 31, 2022. (AR 19.)

The ALJ followed the required five-step sequential evaluation process under the Social Security Act to assess whether Plaintiff was disabled.[7] See 20 C.F.R. § 404.1520(a). At **step one**, the ALJ found that Plaintiff had not been engaged in

---

[5] The Parties filed consents to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. (Dkt. Nos. 6, 8, 14.)

[6] In Plaintiff's application, he included an alleged onset date of July 27, 2017, which the ALJ determined fell within a previously adjudicated period. (AR 203, 208.) Plaintiff does not contest the claim period determination. (Dkt. No. 15 at 2-4; Dkt. No. 19 at 7.)

[7] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1996) (as amended).

3

substantial gainful activity since August 21, 2019, the alleged onset date, through December 31, 2022, the date last insured. (AR 20.) At **step two**, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, panic disorder, post-traumatic stress disorder, unspecified mood disorder, obesity, left medial retinacular tear, right knee strain, diabetes mellitus, and diabetic polyneuropathy. (AR 20.)

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (AR 21.) The ALJ then found that through the date last insured, Plaintiff had the RFC[8] to perform medium work except as follows:

> The claimant is limited to lifting and carrying up to 50 pounds occasionally and 25 pounds frequently. The claimant can sit for 6 hours, stand for 6 hours, and walk for 6 hours in an 8-hour workday, for 5 days a week.
>
> The claimant also has the following limitations:
> - No overhead reaching with the left upper extremity;
> - No more than frequent pushing and pulling with the bilateral extremities;
> - No more than frequent reaching (other than previously mentioned), handling, fingering, and feeling with the bilateral upper extremities;
> - No exposure to hazards or climbing ladders, ropes, or scaffolds, and no more than occasional balancing, crawling, crouching, kneeling, stooping, or climbing ramps or stairs, as those are defined in the DOT/SCO;
> - Can understand, remember and carry out simple instructions;
> - Can have no more than occasional interactions with supervisors, coworkers and the public; and

---

[8] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

4

- Can deal with no more than frequent changes in a routine work setting.

(AR 23-24.)

At **step four**, the ALJ found Plaintiff was unable to perform any past relevant work. (AR 30.) At **step five**, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (AR 31-32.) Accordingly, the ALJ determined that Plaintiff has not been under a disability at any time from August 21, 2019, the alleged onset date, through December 31, 2022, the date last insured. (AR 32.)

### III. FACTS RELEVANT TO THE APPEAL

A review of the record reflects certain facts relevant to this appeal. The record contains four mental assessments provided by Drs. Chen, Rezapour, Rozenfeld, and Forgus. (AR 90-94, 112-16, 418-22, 650-55.)

**A. Mental Assessment By Dr. Chen**

Dr. Chen was Plaintiff's treating psychiatrist. (See, e.g., AR 355, 360, 363, 372, 377.) Dr. Chen provided a Mental Impairment Questionnaire dated March 25, 2021. (AR 650-55.) The Questionnaire consists of check boxes with space for narrative explanation. (AR 650-55.)

Dr. Chen provided opinions regarding Plaintiff's mental abilities and aptitudes needed to do unskilled work, semiskilled and skilled work, and particular types of jobs. (AR 652-54.) For unskilled work, Dr. Chen checked boxes indicating Plaintiff was "seriously limited, but not precluded" in three categories: maintain attention for two-hour segment; accept instructions and respond appropriately to criticism from supervisors; and get along with co-workers or peers without unduly distracting them or

5

exhibiting behavioral extremes. (AR 652.) In the space for narrative explanation, Dr. Chen stated Plaintiff had difficulties carrying out tasks, meeting his responsibilities, and making work-related decisions in his prior work. (AR 652.) Dr. Chen further explained Plaintiff was previously laid off for his difficulties in interpersonal relationships, specifically in appropriately responding to a supervisor. (AR 652.)

For semiskilled and skilled work, Dr. Chen opined Plaintiff can understand and remember detailed instructions and can carry out detailed instructions. (AR 653.) Dr. Chen checked boxes indicating Plaintiff was "seriously limited, but not precluded" in setting realistic goals or making plans independently of others and dealing with stress of semiskilled and skilled work. (AR 653.) For particular types of jobs, Dr. Chen checked boxes indicating Plaintiff was "seriously limited, but not precluded" from interacting appropriately with the general public and exhibiting appropriate behavior. (AR 653.) Dr. Chen explained there are concerns of mood fluctuation, handling criticisms, and working with others due to Plaintiff's anxiety and depression. (AR 653.)

In a section titled "Functional Limitation," Dr. Chen checked boxes indicating Plaintiff has moderate functional limitations in two categories: difficulties in maintaining social functioning and deficiencies of concentration, persistence, or pace. (AR 654.) Dr. Chen found Plaintiff can manage his own benefits. (AR 655.) Dr. Chen listed Plaintiff's lack of participation in psychotherapy and in taking medication at a therapeutic level as reasons why Plaintiff would have difficulty working on a sustained basis. (AR 655.)

**B. Mental Assessment By Dr. Rezapour**

Dr. Rezapour was a consultative examiner whose opinion was requested by the Commissioner. (AR 418-22.) Dr. Rezapour provided a Mental Evaluation by

6

1  Psychologist dated November 4, 2021. (AR 418-22.) The Evaluation is narrative.
2  (AR 418-22.)
3      Dr. Rezapour opined Plaintiff would have several moderate difficulties if he
4  returned to work. (AR 421.) Specifically, Dr. Rezapour opined Plaintiff would have
5  moderate limitations in the following areas: performing simple and repetitive tasks;
6  performing detailed and complex tasks; performing work activities on a consistent basis
7  without special or additional supervision; completing a normal workday or workweek
8  due to mental condition; accepting instructions from supervisor; interacting with
9  coworkers and with the public; and being able to handle the usual stresses, changes, and
10 demands of gainful employment. (AR 421.)
11     Dr. Rezapour also opined Plaintiff has moderate difficulties in maintaining social
12 functioning and attention and in concentration, persistence, and pace. (AR 421.) Dr.
13 Rezapour concluded Plaintiff is intellectually and psychologically capable of performing
14 activities of daily living. (AR 421.) Dr. Rezapour concluded Plaintiff's limitations would
15 significantly improve with mental health treatment and abstinence from alcohol.
16 (AR 421.)
17     **C. Mental Assessment By Dr. Rozenfeld**
18     Dr. Rozenfeld was a non-examining physician whose opinion was requested by
19 Commissioner at the initial determination stage. (AR 90-94.) Dr. Rozenfeld provided a
20 Mental Residual Functional Capacity Assessment. (AR 90-94.) Dr. Rozenfeld opined
21 Plaintiff has moderate limitations in his ability to understand and remember detailed
22 instructions; carry out detailed instructions; maintain attention and concentration for
23 extended periods; complete a normal workday and workweek without interruptions
24 from psychologically based symptoms and to perform at a consistent pace without

unreasonable number and length of rest periods; interact appropriately with the general public; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and respond appropriately to changes in the work setting. (AR 90-93.) Dr. Rozenfeld opined that Plaintiff is able to understand and remember simple instructions; maintain concentration, persistence, and pace for simple tasks; have brief intermittent contact with the public and coworkers and accept instructions from supervisors; and adapt to basic changes in the workplace. (AR 91-93.)

### D. Mental Assessment By Dr. Forgus

Dr. Forgus was a non-examining physician whose opinion was requested by Commissioner at the reconsideration determination stage. (AR 112-16.) Dr. Forgus provided a Mental Residual Functional Capacity Assessment. (AR 112-16.) Dr. Forgus opined Plaintiff has moderate limitations in his ability to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods; interact appropriately with the general public; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and respond appropriately to changes in the work setting. (AR 112-16.) Dr. Forgus opined that Plaintiff is able to understand and remember simple instructions; perform simple repetitive tasks for two-hour periods with routine breaks and can maintain concentration, persistence, and pace throughout a regular workweek; relate appropriately in settings with somewhat reduced social demands that require only occasional interactions with coworkers, peers, and the public; and adjust to

8

routine changes and manage his emotions and symptoms within a routine work setting. (AR 112-16.)

## IV. DISCUSSION

Plaintiff raises the following issue for review: whether the ALJ properly evaluated the mental assessment of Plaintiff's treating psychiatrist Dr. Chen. (See generally Dkt. No. 15.)

### A. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r, 528

9

F.3d 1194, 1198 (9th Cir. 2008) (citing <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)); <u>see</u> <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "'inconsequential to the ultimate nondisability determination,'" or if "'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) (citation omitted); <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012), <u>superseded by regulation on other grounds as stated in</u> <u>Smith v. Kijakazi</u>, 14 F.4th 1108, 1111 (9th Cir. 2021).

**B. The ALJ Properly Evaluated Dr. Chen's Mental Assessment**

Plaintiff argues the ALJ must have erred in evaluating Dr. Chen's mental assessment. (<u>See generally</u> Dkt. No. 15.) Specifically, Plaintiff claims Dr. Chen's opinions should not have been rejected because they were supported by and consistent with the opinions of Drs. Rezapour, Rozenfeld, and Forgus. (<u>Id.</u> at 13.) Plaintiff also argues the ALJ conflated the supportability and consistency factors when evaluating Dr. Chen's mental assessment. (<u>Id.</u> at 11-12.) Defendant, on the other hand, argues the ALJ's differentiation of the four mental assessments is supported by substantial evidence. (Dkt. No. 19 at 14-18.) Defendant also argues the ALJ provided sufficient reasoning for finding Dr. Chen's mental assessment unpersuasive. (<u>Id.</u> at 18-24.)

10

The ALJ found the mental assessments provided by Drs. Chen and Rezapour unpersuasive and those provided by Drs. Rozenfeld and Forgus partially persuasive. (AR 28-29.) Specifically, the ALJ found unpersuasive the Doctors' opinions that Plaintiff has "seriously limited" mental abilities and/or "moderate" limitations. (AR 28-29.) The ALJ found persuasive Dr. Rozenfeld's and Dr. Forgus's opinions that Plaintiff is able to maintain concentration, persistence, and pace for simple tasks; have brief, intermittent contact with the public and coworkers; accept instructions from supervisors; and adapt to basic changes in the workplace. (AR 29.)

To reach these findings, the ALJ evaluated Dr. Chen's mental assessment as follows:

> I find the medical opinion of psychiatrist, Allen Chen, M.D., is unpersuasive because the assessment is unsupported by relevant objective medical evidence, inconsistent with evidence from other medical and nonmedical sources, and contradicted by other factors. In a form dated March 25, 2021, Dr. Chen opined the claimant had mostly "limited but satisfactory" mental abilities and aptitudes needed for unskilled work. He also stated the claimant had serious limitations in maintaining attention for two hours; accepting instructions and responding appropriately to criticism from supervisors; and getting along with coworkers or peers without unduly distracting them or exhibit [sic] behavior extremes. Dr. Chen also opined the claimant would likely be absent from work more than four times a month as a result of his impairments or treatment. Yet, Dr. Chen also stated the claimant can manage his own funds (Ex. B9F). First, a supportable explanation was not provided because there were insufficient references to medically acceptable objective clinical or diagnostic findings. Second, a supportable explanation was not provided because the medical source merely checked boxes on a form and the lines on the form allowing for an explanation were inadequately completed. In fact, the assessments are generally inconsistent with Dr. Chen's opinion that the claimant could manage his own funds. Third, the objective medical evidence, including the standard mental health treatment and mild to moderate mental status examinations, does not support the assessments. Fourth, evidence from other medical or nonmedical sources, including the consultative psychologist's generally modest examination of the claimant, are inconsistent with the assessments. Last, the medical opinion is inconsistent with the claimant's admitted activities of daily living, which have already been described above in this decision. Performance of this at least average

11

> range of ordinary tasks is inconsistent with severe limitations. Accordingly, I find this opinion is unpersuasive.

(AR 29.)

### 1. Legal Standard for Considering Mental Assessments

In evaluating the persuasiveness of the medical opinion, an ALJ considers the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, which includes: (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors.  20 C.F.R. § 404.1520c(c)(1)-(5).

The most important factors in determining the persuasiveness of a medical opinion are supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  Supportability refers to the extent a medical opinion is supported by "objective medical evidence and supporting explanations."  20 C.F.R. § 404.1520c(c)(1).  Consistency refers to the extent a medical opinion is consistent with "evidence from other medical sources and nonmedical sources in the claim."  20 C.F.R. § 404.1520c(c)(2).

The ALJ must explain how he or she considered the factors of supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  The ALJ may reject a medical opinion as either unsupported or inconsistent.  Woods v. Kijakazi, 32 F.4th 785, 792-93 (9th Cir. 2022).  Except in limited situations not at issue here, the ALJ may, but is not required to, explain how he or she considered the remaining factors.  20 C.F.R. § 404.1520c(b)(3).

### 2. Analysis

The ALJ found Dr. Chen's mental assessment unpersuasive because it is unsupported and inconsistent.  As to supportability, the ALJ explained three reasons

why Dr. Chen's mental assessment is not supported by objective medical evidence and supporting explanations.  First, the ALJ reasoned the mental assessment contained "insufficient references to medically acceptable clinical or diagnostic findings."  (AR 29.)  Second, the ALJ noted the mental assessment was comprised of mostly checkboxes and "the lines on the form for an explanation were inadequately completed."  (AR 29.)  The ALJ further explained the mental assessment was internally inconsistent because Dr. Chen concluded Plaintiff could manage his own funds yet had "seriously limited" mental abilities and "moderate" limitations.  (AR 29.)  Third, the ALJ found the objective medical evidence, including standard mental treatment and mild to moderate mental examinations, do not support the mental assessment.  (AR 29.)

As to consistency, the ALJ explained two reasons why Dr. Chen's mental assessment is inconsistent with other medical and nonmedical evidence.  (AR 29.)  First, the ALJ explained the mental assessment is inconsistent with evidence from medical or nonmedical sources showing the generally modest mental examinations of Plaintiff.  (AR 29.)  Second, the ALJ reasoned the mental assessment is inconsistent with Plaintiff's admitted activities of daily activities, which include an "average range of ordinary tasks."  (AR 29.)

Substantial evidence supports the ALJ's supportability and consistency findings.  As the ALJ noted, objective medical evidence shows Plaintiff's mental examinations yielded mild to moderate findings; Plaintiff was prescribed standard mental health treatment; and Plaintiff never took or self-terminated prescribed medications.  (AR 360-99.)  Despite this evidence, Dr. Chen opined that Plaintiff had several "seriously limited" mental abilities and "moderate" limitations.  (AR 90-94, 112-16, 418-22, 650-55.)  Contrary to Plaintiff's argument that similarities between the four

Doctors' mental assessments mean each are supported and consistent, the ALJ properly analyzed the medical and nonmedical evidence to support his findings. (AR 29.) Substantial evidence supports the ALJ's reasoned rejection of Dr. Chen's mental assessment.

The ALJ properly analyzed the supportability and consistency factors when evaluating Dr. Chen's mental assessment. The ALJ's analysis provides reasons supported by substantial evidence for rejecting Dr. Chen's mental assessment. Nothing more is required. See 20 C.F.R. § 404.1520c(b)(2) (ALJ must only address supportability and consistency factors); Woods, 32 F.4th at 792. Accordingly, the ALJ properly considered and reasonably rejected the mental assessment provided by Dr. Chen.

**V.    CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATED: September 22, 2025

                          /s / Autumn D. Spaeth
                          THE HONORABLE AUTUMN D. SPAETH
                          United States Magistrate Judge